John D. Bennett, S.
This is a motion to vacate or modify a demand for a bill of particulars served by the contestants on the proponent herein, transferring a proposed examination before trial to Nassau County, and limiting said examination before trial to the three-year period preceding the death of the decedent.
Items 1 through 8 of the demand are improper in that they are not relevant to the proof of contestants’ case. The proponent, named in the will as a legatee, is a person interested regardless of the validity of her marriage to decedent.
The affidavit herein of the attorney for the proponent states that item 10 of the demand should be modified since proponent is not in possession of the information requested, and states further that this item calls for an expert opinion which proponent is not qualified to furnish.
Item 10 does not require proponent to give expert testimony. The information requested in a bill of particulars is not confined to the testimony of the party upon whom the demand is served but it may include many items of which he has knowledge *1060 as long as the party demanding the bill of particulars has a right to such information. If the party upon whom the demand is served does not have the information required, a statement under oath to that effect should be supplied in place of the particulars requested. In the event that this information is obtained prior to trial, it should be made available to the party making the demand in order to prevent surprise and delay at the time of the trial.
The objection to items 11 and 12, based on the fact that they may require expert opinion, is dismissed. As pointed out in the preceding paragraph, a bill of particulars requires the furnishing of information regarding the ultimate facts which a party intends to prove, and not the furnishing of testimony or other evidence.
Item 13 requests the name of the person who prepared the alleged will. Generally a party is not entitled to names of witnesses in a bill of particulars. However, the name of the person who prepared the will is permitted as an exception to the general rule in this case because of the relationship of said person to the proof necessary and the circumstances of the execution of the will.
Item 20 is objectionable in that it requires proponent to furnish not only the act or acts of testator at the time of the execution of the will, but to furnish same for the purpose of evidencing the capability of the testator to comprehend the nature of the paper alleged to be his will.
Item 21 is objectionable since it requires exact information. The approximate time is sufficient to satisfy the requirements of the demand herein.
The items relating to the scope and place of the examination before trial of the proponent need not be determined herein. The relief requested in this regard by proponent is agreed to by contestants in the affidavit of their attorney in opposition to the present motion and again before the court on April 26, 1961.
Accordingly, items 1 through 8, and item 20 of the contestants’ demand for a bill of particulars are vacated. Item 21 is modified to require the proponent to furnish the approximate time of the signing of the alleged will by the witnesses thereto. The motion is in all other respects denied.
Proponent must serve a proper bill of particulars in compliance with the provisions of this decision within 10 days after settlement of the order hereon.